UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALIKE HERMONSTYNE,

    Plaintiff,

v.                                               Case No.

CSL PLASMA INC. and                              Hon.
CSL LOCAL BRANCH,

    Defendants.

---

| Malike Hermonstyne, *Pro Se* | Mami Kato (P74237) |
| 86 Barrington Road | OGLETREE, DEAKINS, NASH, |
| Bloomfield Hills, MI 48302 | SMOAK & STEWART, PLLC |
| (313) 808-4561 | *Attorneys for Defendants* |
| Tysonclayblock@gmail.com | 34977 Woodward Avenue, Suite 300 |
| | Birmingham, MI 48009 |
| | (248) 593-6400 |
| | mami.kato@ogletree.com |

## NOTICE OF REMOVAL

Defendants CSL PLASMA INC. and its CSL LOCAL BRANCH (collectively "CSL Plasma" or "Defendants"), by and through their undersigned counsel, Ogletree, Deakins, Nash, Smoak & Stewart, PLLC, hereby file their Notice of Removal from the Macomb County Circuit Court, State of Michigan, in which the matter is currently pending, to the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. §§ 1331, 1332(a), 1441 and 1446. In

support thereof, and for the purposes of removal only, Defendants state the following[1]:

## FACTUAL BACKGROUND

1. On October 4, 2024, Plaintiff Malike Hermonstyne ("Plaintiff") commenced the present action in the Macomb County Circuit Court (Sixteenth Judicial Circuit), State of Michigan, entitled *Hermonstyne v. CSL Local Branch and CSL Plasma*, which action was assigned Case No. 2024-003867-CZ[2] (hereafter "State Court Action"), and to Hon. Kathryn A. Viviano.[3] (**Exhibit 3**: Notice of Intent

---

[1] A defendant seeking to remove a case to the federal court is required to provide only a "short and plain statement of the grounds for removal," which need not contain evidentiary submissions. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014).

[2] The case was initially assigned the case code suffix of "CB" based on Plaintiff's misrepresentation that the case was "a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035." (**Exhibit 1:** Summons). The Court has since reassigned the case from the business docket to a civil docket, and the case code suffix changed to "CZ." (**Exhibit 2**: Macomb County Circuit Court Case Details).

[3] Plaintiff's filing, entitled "Notice of Intent to Sue for Disability Discrimination and [HIPPA] Security Violation," neither complies with the provision of MCR 1.109(E) that requires a pleading to be signed, nor the provisions of MCR 2.113(B)(1)-(3) that "all allegations must be made in numbered paragraphs," "each paragraph [be] limited as far as practicable to a single set of circumstances," and "each statement of a claim for relief [be] founded on a single transaction or occurrence." *See also,* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."); Fed. R. Civ. P. 11(a) ("Every pleading…must be signed…by a party personally if the party is unrepresented.") In seeking to remove this matter, Defendants do not waive their

to Sue for Disability Discrimination and [HIPPA] Security Violation (hereafter "Notice")).

2. On the same day, the Clerk of the Court for the Sixteenth Judicial Circuit for the State of Michigan issued the Summons in the State Court Action. (**Exhibit 1**).

3. On October 5, 2024, Plaintiff, himself, dropped off a copy of the Notice and Summons at CSL Plasma's donation center located in Roseville, Michigan. No personal service was made on an officer, resident agent, director, trustee, or person in charge of an office or business establishment of CLS Plasma as required under MCR 2.105(D)(1) and (2).[4]

4. As shown in the Case Details of the Macomb County Circuit Court, the Summons and the Notice comprise the only process, pleadings, and orders that have

---

right to have the pleading be stricken for non-compliance with applicable Michigan Court Rules and the Federal Rules of Civil Procedure.

[4] The service was improper under Michigan Court Rules, and thus defective. MCR 2.105(D) expressly requires personal service on "an officer or the resident agent" of a private corporation, or personal service on "a director, trustee, or person in charge of an office or business establishment of the corporation" in conjunction with "sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation." MCR 2.105(D)(1) and (2); *Bullington v. Corbell*, 293 Mich. App. 549, 557 (2011)("With regard to private corporations, the court rules require personal service on an officer, registered agent, director, trustee, or person in charge of an office or business establishment. MCR 2.105(D)(1) and (2).") By proceeding to remove this matter to this Court, Defendants do not waive their defenses with respect to service of process and expressly reserve the right to assert the same as their affirmative defenses in their responsive pleading.

3

been filed in the State Court Action and served upon Defendants. (**Exhibit 2**: Case Details).

## FEDERAL QUESTION JURISDICTION

5. Although inartfully drafted in a lengthy narrative format instead of a short, numbered paragraphs with specific causes of action, Plaintiff's Notice makes clear that his claims are based on Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12181, *et seq.*, and the Health Insurance Portability and Accountability Act of 1996 ("HIPPA"), 42 U.S.C. § 1320d, and as such, establishes federal question jurisdiction.

6. Accordingly, this Court has original jurisdiction in this matter under 28 U.S.C. §1331, which provides, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," and 28 U.S.C. §1337, which provides, "[t]he district court shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce." Accordingly, this action is properly removable under 28 U.S.C. §1441(a).

## DIVERSITY JURISDICTION

7. Additionally, 28 U.S.C. §1332(a) provides "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds

4

the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States." 28 U.S.C. §1332(a)(1).

8. Defendant "CSL Local Branch" is a donation center for the named defendant CSL Plasma Inc. As such, it is not a legal entity that is separate and distinct from Defendant CSL Plasma Inc.

9. Defendant CSL Plasma Inc. is a subsidiary of CSL Limited, which is incorporated in Melbourne, Australia, with its principal place of business located in Boca Raton, Florida. (**Exhibit 4**: CSL Limited Constitution §7 on p. 6; **Exhibit 5**: CSL Main Office Information).

10. For the purposes of removal under 28 U.S.C. §1441, 28 U.S.C. §1332(c)(1) expressly provides, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and the State or foreign state where it has its principal place of business." *See also, AKNO 1010 Market Street St. Louis Missouri, LLC v. Portuaghi*, 43 F.4th 624, 626 (6th Cir. 2022). A federal court has jurisdiction under 28 U.S.C. §1332 if there exists complete diversity between all plaintiffs and defendants. *Peguese v. PNC Bank, N.A.*, 306 F.R.D. 540, 547 (E.D. Mich. 2015)(citing *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 80 (2005)).

11. As addressed above, CLS Plasma Inc. is a citizen of the State of Florida and a citizen of the foreign state – "Australian Capital Territory" – for the purposes of diversity jurisdiction analysis under 28 U.S.C. §1332. (**Exhibit 4** at p. 6).

12. The Notice indicates Plaintiff's residence as the City of Bloomfield Hills, County of Oakland, State of Michigan. Therefore, Plaintiff is a citizen of the State of Michigan.

13. Because Plaintiff and CLS Plasma Inc. are citizens of different states, there is a complete diversity of citizenship under 28 U.S.C. §1332(a)(1).

14. The amount in controversy exceeds $75,000 exclusive of interests and costs because the Notice expressly seeks "$550,000 in damages." (**Exhibit 3**). Accordingly, the controversy exceeds the sum of $75,000 as required for diversity jurisdiction under 28 U.S.C. §1332(a).

## SUPPLEMENTAL JURISDICTION

15. To the extent Plaintiff's Notice makes a passing reference to MCL 37.1302 – the Michigan Persons with Disabilities Civil Rights Act, this Court has supplemental jurisdiction of Plaintiff's state law claim under 28 U.S.C. §1367 which provides that "…in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that

they form part of the same case or controversy under Article III of the United States Constitution."

16. Plaintiff's state law claim is presumably premised on the same set of operative facts as his federal claims and is a part of the same case or controversy. Accordingly, it constitutes a claim that is so related to Plaintiff's federal claims that falls within this Court's original jurisdiction.

### PROCEDURAL REQUIREMENTS FOR REMOVAL

17. A true and correct copy of Plaintiff's Notice filed in the Macomb County Circuit Court, State of Michigan, is attached to this Notice of Removal as **Exhibit 3.**

18. All Defendants consent to the removal of this action. 28 U.S.C. §1446(b)(2)(A).

19. The Macomb County Circuit Court, State of Michigan, in which this action was initially commenced, is within this Court's jurisdiction and division.

20. Pursuant to 28 U.S.C. §1446(d), a written notice of the removal of this action will be filed with to the Macomb County Circuit Court and Plaintiff promptly after the filing of this Notice of Removal. A copy of that Notice to the Macomb County Circuit Court and Plaintiff (without the exhibits referenced therein) is attached hereto **Exhibit 6**.

21. Under 28 U.S.C. § 1446(b)(1), a notice of removal is timely if it is filed within 30 days after the receipt of a copy of the initial pleading. This removal, filed within 30 days of CLS Plasma's receipt of Plaintiff's Notice and Summons on October 5, 2024, is thus timely.

22. Defendants hereby preserve all other bases for removal of this action to this Court.

23. Because this Court has original jurisdiction over this matter, pursuant to 28 U.S.C. §§ 1331, 1332, 1337 and 1446, as well as supplemental jurisdiction under 28 U.S.C. §1367, and because all other prerequisites for removal of this case to the Federal Court have been fulfilled, this matter may be properly removed to the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1441.

WHEREFORE, Defendants remove this action to the United States District Court for the Eastern District of Michigan.

Respectfully submitted,

s/ Mami Kato
Mami Kato (P74237)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, PLLC
*Attorneys for Defendants*
34977 Woodward Avenue, Suite 300
Birmingham, MI 48009
(248) 593-6400
mami.kato@ogletree.com

Dated: November 1, 2024

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 1, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system and that a copy of same was also served on Plaintiff via first class mail at the following:

Malike Hermonstyne
86 Barrington Road
Bloomfield Hills, MI 48302

Dated: November 1, 2024

s/ Mami Kato
Mami Kato (P74237)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, PLLC
*Attorneys for Defendants*
34977 Woodward Avenue, Suite 300
Birmingham, MI 48009
(248) 593-6400
mami.kato@ogletree.com

86356390.v1-OGLETREE